```
            UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JAMES RAY TOLAN,              :    CASE NO. 1:11-CV-1050
                              :
          Petitioner          :    (Judge Caldwell)
                              :
     v.                       :    (Magistrate Judge Smyser)
                              :
                              :
R. MARTINEZ, WARDEN,          :
                              :
          Respondent          :
```

**REPORT AND RECOMMENDATION**

The petitioner was convicted in the Superior Court of the District of Columbia of numerous crimes arising from an assault.  The victim of the assault later recanted her testimony that the petitioner was her assailant.  After being denied relief in the Superior Court, the petitioner is now seeking a writ of habeas corpus from this court.  Because the remedy under D.C. Code § 23-110 is not inadequate or ineffective to test the legality of the petitioner's detention, the petitioner may not proceed with his habeas corpus petition.

I. Background and Procedural History.

The petitioner, a prisoner proceeding *pro se,* filed a petition for a writ of habeas corpus. The petitioner is incarcerated at the United States Penitentiary at Allenwood.

The petitioner was convicted in the Superior Court of the District of Columbia, and he is challenging his District of Columbia conviction. He was convicted of armed burglary, armed mayhem, and other offenses arising out of his assault on Gloria Sayles, his former paramour. *Tolan v. United States,* Nos. 96-CF-1190 and 98-CO-834, slip op. at 1 (D.C. Ct.App. Feb. 26, 1999)(copy of slip opinion attached to Doc. 4 at 17-19).

The petitioner filed a direct appeal of his conviction. *Id.* He also filed a motion for a new trial based on an affidavit by Ms. Sayles recanting her testimony that the petitioner was her assailant. *Id.* at 3.[1] Without conducting a

---

1. The petitioner asserts that his motion for a new trial was also based on an affidavit from Deborah Hodges. *See Doc. 3* at 2. Hodges states in her affidavit that the petitioner was with her in Baltimore at the time Ms. Sayles was assaulted. We note that
(continued...)

hearing, the trial judge denied the petitioner's motion for a new trial, and the petitioner appealed that denial. *Id.* That appeal was consolidated with the petitioner's direct appeal, and the District of Columbia Court of Appeals affirmed both his conviction and the order denying his motion for a new trial. *Id.*

The petitioner asserts that he also filed a motion to vacate his conviction pursuant to D.C. Code § 23-110 and a motion under the Innocence Protection Act of the District of Columbia, D.C. Code § 22-4135. The record in this case does not contain information about those motions or the decisions on those motions. But, because the petitioner is still incarcerated and still challenging his conviction, it is safe to assume that those motions were denied.

In this case, the petitioner claims that he is actually innocent and he relies on the affidavits of Ms. Sayles and Ms.

---

1. (...continued)
neither the District of Columbia Court of Appeals' decision nor the petitioner's motion for a new trial mentions the affidavit of Hodges. *See Doc. 4* at 10-12 and 17-19.

Hodges.  He also asserts that he was denied due process because the Superior Court of the District of Columbia denied his motion for a new trial without a hearing.  He is seeking either a new trial or an order sending the case to the Superior Court with instructions to conduct an evidentiary hearing.

II. Discussion.

The petitioner may not challenge his District of Columbia conviction by way of a habeas corpus petition in this court.

Prior to 1970, the jurisdiction of the local District of Columbia courts was extremely circumscribed. *Palmore v. United States,* 411 U.S. 389, 392-393 n.2 (1973).  "The United States District Court of the District of Columbia had concurrent jurisdiction with the [local] Court of General Sessions over most of the criminal and civil matters handled by that court . . . and had exclusive jurisdiction over felony offenses, even though committed in violation of locally

4

applicable law." *Id.* "Thus, the District Court was filling the role of both a local and federal court." *Id.* In 1970, Congress enacted the District of Columbia Court Reform and Criminal Procedure Act. *Swain v. Pressley,* 430 U.S. 372, 375 (1977). "[T]hat Act created a new local court system and transferred in its entirety the Federal District Court's responsibility for processing local litigation to the Superior Court of the District of Columbia." *Id.*

Section 23-110 of the District of Columbia Code established a procedure for collateral review of convictions in the Superior Court comparable to that authorized by 28 U.S.C. § 2255 for the United States District Courts. *Id.* That Section limits habeas corpus relief as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g).

In *Swain*, a prisoner in custody pursuant to a sentence imposed by the Superior Court of the District of Columbia filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia challenging the constitutionality of his District of Columbia conviction and sentence. 430 U.S. at 373. The district court dismissed the petition on the grounds that it was barred by D.C. Code § 23-110(g). *Id.* at 376. The United States Court of Appeals for the District of Columbia reversed the district court. *Id.* "Largely because of its doubts concerning the constitutionality of a statutory curtailment of the district court's jurisdiction to issue writs of habeas corpus, the Court of Appeals construed the statute as merely requiring exhaustion of local remedies before a habeas corpus petition could be filed in the district court." *Id.* The Supreme Court reversed the Court of Appeals. *Id.* at 384. The Court held that § 23-110(g) is not a mere exhaustion of remedies provision but rather that it bars a habeas petition unless the remedy by a § 23-110 motion is inadequate or ineffective to test the legality of the petitioner's detention.

*Id.* at 377-78.  The Court further held that § 23-110(g) is not an unconstitutional suspension of the writ of habeas corpus. *Id.* at 381.  The Court reasoned that the final clause of § 23-110(g), which allows the district court to entertain a habeas corpus application if it appears that the remedy by motion is inadequate or ineffective to test the legality of the petitioner's detention, avoids any serious question about the constitutionality of the statute. *Id.*

The petitioner is barred from presenting his claims in a habeas petition in this court unless the remedy under a § 23-110 motion is inadequate or ineffective to test the legality of his detention.  The petitioner contends that § 23-110 is inadequate or ineffective.  In support of that contention, he asserts that the Superior Court erred by denying his motion for a new trial without holding a hearing.  But the petitioner does not argue that he could not have raised his actual innocence claim in his Section 23-110 motion.  The fact that the petitioner's motion for a new trial was denied without a hearing does not establish that the remedy by way of Section 23-110 is inadequate or ineffective.

Because the remedy by a § 23-110 motion is not inadequate or ineffective to test the legality of the petitioner's detention, the petitioner may not proceed in this court by way of a habeas corpus petition.

III. Recommendations.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: August 17, 2011.