IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES RAY TOLAN, :
    Petitioner :
   :
v. : CIVIL NO. 1:11-CV-1050
   :
R. MARTINEZ, :
    Respondent :
   :
   :

*M E M O R A N D U M*

      James Ray Tolan, an inmate at FCI-Allenwood, White Deer, Pennsylvania, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his 1995 convictions in the Superior Court of the District of Columbia after a jury trial for first-degree burglary while armed, carrying a dangerous weapon, mayhem while armed, malicious disfigurement while armed, and aggravated assault while armed. As grounds for relief, Petitioner asserts he is innocent, based in part on an affidavit of the victim, in which she recants her trial testimony. He also asserts that the superior court denied him due process when it denied his motion for a new trial without a hearing, a motion also based on the victim's post-trial affidavit.

      The magistrate judge has filed a report and recommendation, recommending that the petition be dismissed because Petitioner has failed to show that

his remedy by way of D.C. Code § 23-110 was inadequate or ineffective to test the legality of his detention.[1]

We are considering Petitioner's two objections to the magistrate judge's report. First, Petitioner contends section 23-110 was inadequate or ineffective to test the legality of his detention because the credibility of the victim's recantation had to be evaluated at an evidentiary hearing and that both the superior court and the District of Columbia Court of Appeals denied him this hearing.[2] Second, Petitioner contends that we must entertain his 2241 petition; otherwise there would be a fundamental miscarriage of justice because he is actually innocent of the crimes of conviction.

We are required to make a de novo determination of those portions of the magistrate judge's report to which Petitioner objects. 28 U.S.C. § 636(b)(1). In doing so, we conclude the objections have no merit. In regard to the first objection, we agree with the magistrate judge that the failure of Petitioner to obtain a hearing on his new-trial

---

[1] Section 23-110 is the District Of Columbia counterpart to 28 U.S.C. § 2255. In pertinent part, section 23-110 authorizes "[a] prisoner in custody under sentence of the Superior Court" to challenge the legality of the sentence under District of Columbia law or the federal Constitution by filing a motion "to vacate, set aside or correct the sentence." § 23-110(a). An application for habeas relief may not be entertained by a federal court if the defendant has failed to file a motion under section 23-110, or if "the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 23-110(a).

[2] After the superior court denied Petitioner's motion for a new trial, the court of appeals affirmed that denial after Petitioner's appeal of the denial was consolidated with Petitioner's direct appeal of his conviction. We also note that Petitioner did file two section 23-110 motions, one in 2000 and another in 2004, the latter styled as a "motion to vacate a conviction or grant a new trial on the ground of actual innocence." As the magistrate judge noted, these motions were apparently denied as Petitioner remains in custody.

claim does not show that his remedy under section 23-110 was inadequate or ineffective. In regard to the second objection, it likewise does not show that his remedy under section 23-110 was inadequate or ineffective.³  Thus, we have no jurisdiction to entertain Tolan's 2241 petition.  *See Austin v. Miner*, 235 F. App'x 48, 50 (3d Cir. 2007)(per curiam)(nonprecedential)("federal courts lack jurisdiction to entertain the habeas corpus petition of a District of Columbia prisoner, absent a showing that his remedy pursuant to D.C. Code Ann. § 23-110 is "inadequate or ineffective to test the legality of" the detention)(citing *Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 1229, 51 L.Ed.2d 411 (1977) and D.C. Code Ann. § 23-110(g)).

       We will issue an appropriate order.


                                  /s/ William W. Caldwell
                                  William W. Caldwell
                                  United States District Judge

Date: October 18, 2011

---

[3] A showing of actual innocence is a way of allowing consideration of procedurally defaulted claims, *see Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010), not a way of allowing a defendant to pursue a habeas petition by excusing a statutory requirement that the proper provision for seeking postconviction relief must first be shown to be inadequate or ineffective.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES RAY TOLAN,<br>        Petitioner | :<br>:<br>: |
| v. | : CIVIL NO. 1:11-CV-1050<br>: |
| R. MARTINEZ,<br>        Respondent | :<br>:<br>:<br>: |

*O R D E R*

AND NOW, this 18th day of October, 2011, upon consideration of the report of the magistrate judge (Doc. 14), filed August 17, 2011, Petitioner's objections thereto (Doc. 15), and upon independent review of the record, it is ordered that:

1. The magistrate judge's report (Doc. 14) is adopted.

2. The petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed for lack of jurisdiction.

3. The Clerk of Court shall close this file.

                                /s/ William W. Caldwell
                                William W. Caldwell
                                United States District Judge